

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 14, 1961

Honorable G. F. Steger        Opinion No. WW-1017
County Attorney
Colorado County               Re:  Whether property already
Columbus, Texas                    appropriated to one public
                                   use can be taken under
                                   eminent domain laws for
                                   another public use in the
                                   absence of a showing that
                                   the purpose of the taking
                                   can be accomplished in no
Dear Mr. Steger:                   other practical manner.

        You state in your opinion request that Colorado County
is contemplating the condemnation of a lengthwise portion
of railroad spur right of way located in an unpopulated area
of the county for the purpose of building a county road.  As
we understand the facts the county seeks to acquire that por-
tion of railroad right of way from the intersection of the
tracks and Farm-to-Market Road No. 950 in a southerly direc-
tion for almost a distance of one-half mile.

        Prior to the consideration of condemnation the county
offered to purchase the needed right of way from the railway
company, which is not presently in use by the railroad.  Sub-
sequently, the company declined to sell stating that such
segment of the railroad would be needed in the future.

        In your opinion request your conclusion is that the right
of way ". . . has not been abandoned . . ." and you have ask-
ed the following question:

        "Can property already appropriated to one
    public use be taken under applicable laws of
    eminent domain for another public use in the
    absence of a showing that the purpose of the
    taking can be accomplished in no other practi-
    cal manner?"

        It is stated in <u>Snellen v. Brazoria County</u>, 224 S.W.2d
305 (Civ. App., 1949, error ref. n.r.e.) that:

". . . as a general rule, property appropriated to the public purpose cannot be taken for another public use without express or implied legislative authority when such taking results in practical destruction of the prior use unless the subsequent taking is for a public purpose of greater or paramount importance which cannot be accomplished in any other practical way." (Emphasis added)

This rule was originally stated in Sabine & E. T. Ry. Co. v. Gulf & I. Ry. Co. of Texas, 92 Tex. 162, 46 S.W. 784 (1898).

There is no applicable statute conferring the specific authority needed by the county to condemn the desired portion of railroad right of way. In the absence of such authority, to sustain a subsequent taking under a general power, there must be a showing of paramount importance or purpose and that the power can be exercised in no other practical way. We accordingly answer your question in the negative.

SUMMARY

In absence of legislative authority, property appropriated to a public purpose cannot be taken for another public use when such taking will destroy or materially impair the prior use unless the subsequent taking is for a paramount public importance which cannot be accomplished in any other practical way.

Yours very truly,

WILL WILSON
Attorney General of Texas

By William H. Pool, Jr.
William H. Pool, Jr.
Assistant

WHPjr:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Edward A. Cazares
John C. Phillips
John Leonarz
Dudley McCalla

REVEIWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt